IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARL T. UPSHAW,<br>       Plaintiff | : | CIVIL ACTION NO. 3:CV-11-1138 |
| v. | : | |
| | : | (Judge Nealon) |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br>       Defendant | :<br>:<br>: | (Magistrate Judge Blewitt) |

**MEMORANDUM**

On June 15, 2011, Plaintiff, Carl Upshaw, filed a complaint seeking review of the Commissioner of Social Security Administration's denial of his application for Social Security disability benefits. (Doc. 1). A Report was issued by United States Magistrate Judge Thomas M. Blewitt on February 1, 2012 recommending that the appeal be denied. (Doc. 13). Objections to the Report and Recommendation ("R&R") were due on or before February 21, 2012. No objections have been filed and the R&R will be adopted.

**Discussion**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining

whether there is clear error that not only affects the rights of Plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).

Upon review of the present appeal, it is concluded that the Magistrate Judge has not erred in recommending that the appeal be denied. (Doc. 13). The Magistrate Judge reviewed the ALJ's discussion of the five-step sequential evaluation process and determined that substantial evidence supports the ALJ's analysis.[1] (Doc. 13, pgs. 3-5). At step one, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since his alleged onset date, November 27, 2007. (TR. 17). At step two, the ALJ determined that Plaintiff suffers from the severe impairments of major depressive disorder and a history of alcohol abuse. (TR. 17). The ALJ also found that Plaintiff had non-severe impairments of heart disease and high blood pressure. (TR. 17). At step three, the ALJ concluded that Plaintiff's impairments were not severe enough, either singly or in combination, to meet or medically equal the listing requirements. (TR. 17-18). At steps four and five, the ALJ determined that Plaintiff is unable to perform any of his past relevant work but he has the residual functional capacity to perform a range of medium work and

---

[1] The steps in the process are as follows:

(1) Is the individual engaging in substantial gainful activity?
(2) Does the individual have a severe impairment?
(3) Does the individual have an impairment which meets or equals the listing of impairments as set forth in 20 C.F.R. part 404, subpart P, appendix 1?
(4) Does the individual retain the residual functional capacity ("RFC") to engage in her past relevant work? and
(5) If an individual does not have the capacity to engage in his/her past work, does she retain the capacity to perform jobs which exist in significant numbers in the national economy?

See 20 C.F.R. § 404.1520.

that such work exists in significant numbers in the national economy. (TR. 19-23). Thus, the ALJ found that Plaintiff has not been under a disability, as defined in the Social Security Act, from November 27, 2007 through the date of the ALJ's decision, November 29, 2009. (TR. 23). The Magistrate Judge determined that substantial evidence supports the ALJ's finding that Plaintiff is not disabled. (Doc. 13, pgs. 8-14).

In his appeal brief, Plaintiff argued that the ALJ erred by failing to give proper weight to the opinion of his treating physician, Dr. Deborah Mistal, failed to evaluate all of his alleged impairments and incorrectly stated that Plaintiff was fifty-four (54) years old, when he was fifty-six (56) years old, at the time of the ALJ hearing. (Doc. 10, pgs. 7-10).

Regarding the medical opinions, the Magistrate Judge determined that substantial evidence supports the ALJ's evaluation of Dr. Mistal's opinion and the other medical opinions of record. (Doc. 13, pgs. 8-12). The ALJ evaluated Dr. Mistal's opinion and found that her opinion was overstated and not supported by the objective evidence of record. (TR. 20-21). The ALJ reviewed the medical evidence, including the opinions of Dr. Jonathan Gransee and Dr. Philip Benyo, and ultimately accorded little weight to Dr. Mistal's opinion. (TR. 19-21). The Magistrate Judge did not err in determining that the ALJ adequately weighed the medical evidence of record and that Plaintiff retained the RFC to perform medium work with limitations.

Magistrate Judge Blewitt also determined that the ALJ did not err in classifying Plaintiff as "a person of advanced age." (Doc. 13, pgs. 12-13). The Regulations provide that a person age fifty (50) to fifty-four (54) is classified as "a person closely approaching advanced age", and a person age fifty-five (55) or older is classified as "a person of advanced age." 20 C.F.R. §§ 404.1563(d), 416.963(d), 404.1563(e), 416.963(e). The Magistrate Judge stated that Plaintiff

was placed in the category most favorable to him and that the vocational expert testified based on Plaintiff's oldest age during the relevant time period, age fifty-six (56). (Doc. 13, pgs. 12-13); (TR. 59). The Magistrate Judge notes that the ALJ applied Grid Rule 203.15, which assumes that Plaintiff is a person of advanced age. (TR. 22-23); 20 C.F.R. Pt. 404, Subpt. P, Appendix 2 § 203.15. Additionally, the vocational expert specifically stated that Plaintiff was "a 56 year old individual who is a person of advanced age." (TR. 59).

Finding no clear error in the Magistrate Judge's Report and, having received no objections, the R&R will be adopted. A separate order will follow.

Date: March 1, 2012

_____
**United States District Judge**